UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIE LIGHTFOOT, JR.,

        Petitioner,

v.                              Case No. 8:07-cv-2179-T-17TBM

SECRETARY DEPARTMENT OF CORRECTIONS,

        Respondent.

_____/

## ORDER

Before this Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Willie Lightfoot, Jr., a Florida prisoner. The petition attacks Lightfoot's convictions for Attempted Second Degree Murder, Resisting an Officer with Violence, Battery on a Law Enforcement Officer, Assault on a Law Enforcement Officer, and Violation of Domestic Violence Injunction arising out of charges filed in the Sixth Judicial Circuit in Pinellas County, Florida, in state circuit case number CRC01-12930CFANO.

A review of the record demonstrates that, for the following reasons, the petition must be **denied.**

PROCEDURAL HISTORY

On August 22, 2001, the State Attorney filed an Information charging Lightfoot with Attempted First Degree Murder, Resisting an Officer with Violence, two counts of Battery on a Law Enforcement Officer, Possession of Cocaine, and Violation of Domestic Violence

Injunction. (Exh 23: Vol. 1: R 4-6).[1]  In March, 2003, the case proceeded to jury trial before the Honorable Richard A. Luce, Circuit Judge. Lightfoot was represented by Charles Holloway, Esquire. Prior to trial, Count 5, Possession of Cocaine, was severed for trial purposes. (Exh 23: Vol. 1: R 12, 14, 15). On December 18, 2003, the jury found Lightfoot guilty of attempted second degree murder (as a lesser included offense), resisting an officer with violence, battery upon Officer Burch, assault upon  Officer Bauer (as a lesser included offense), and violation of a domestic violence injunction. (Exh 23: Vol. 1: R 100-101).

On August 25, 2003, the court sentenced Lightfoot as follows: life in prison as a habitual felony offender with thirty years as a prison releasee reoffender for attempted second degree murder; ten years in prison as a habitual felony offender with five years for resisting an officer with violence; ten years in prison as a habitual felony offender with five years as a prison releasee reoffender for battery upon Officer Burch; time served for assault upon Officer Bauer and violation of a domestic violence injunction. The sentences were to run consecutively. (Exh 23: Vol. 1: R 125-130; SV 269-271).

### Direct Appeal

Lightfoot pursued a direct appeal. Clark E. Green, the Assistant Public Defender assigned to represent Lightfoot on  appeal, filed an initial brief (Exhibit 1) raising one issue:

---

[1] The seven-volume record in Lightfoot's direct appeal is attached as Respondent's Exhibit 23. The first three volumes containing the documentary record are referred to by volume number followed by "R" and the page number located in the bottom center of the page. The trial transcript, which is contained in Addendum Volumes 1-4, is referred to as "AddVol." and volume number followed by "T" and the page number located in the upper right hand corner of the page.

Issue I

DID THE TRIAL COURT ERR BY DENYING THE APPELLANT'S JUDGMENT OF ACQUITTAL MOTION ON THE BATTERY UPON A LAW ENFORCEMENT OFFICER CHARGE?

The State filed its answer brief. (Exhibit 2). On May 25, 2005, in Case No. 2D03-4334, the Second District Court of Appeal filed an unwritten per curiam opinion affirming Lightfoot's convictions and sentences. (Exhibit 3). *Lightfoot v. State*, 905 So. 2d 134 (Fla.2d DCA 2005)[table]. The mandate was issued on June 21, 2005. (Exhibit 4).

Rule 3.800(a) Motion to Correct Illegal Sentence

On November 5, 2005, Lightfoot filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. (Exhibit 5). Lightfoot contended that his sentence was illegal because the court improperly ordered his sentences to run consecutively, in that the crimes occurred in one criminal episode and should therefore run concurrently. Lightfoot further claimed the court should not have sentenced him as both a habitual felony offender and a prison releasee reoffender. On January 6, 2005, the trial court issued an order summarily denying the two claims raised in the motion. (Exhibit 6). Lightfoot filed a pro se initial brief. (Exhibit 7). Because of the summary nature of the proceeding, the State did not file an answer brief. On May 17, 2006, in Case No. 2D06-488, the state appellate court filed a per curiam opinion, with citations, affirming the lower court's denial of sentencing relief. (Exhibit 8). *Lightfoot v. State*, 929 So. 2d 1065 (Fla. 2d DCA 2006)[table]. The court issued its mandate on June 7, 2006. (Exhibit 9).

State Petition for Writ of Habeas Corpus

On March 28, 2006, in Case No. 2D06-1504, Lightfoot filed a petition for writ of habeas corpus in the appellate court alleging ineffective assistance of appellate counsel. (Exhibit 10). Lightfoot claimed his appellate attorney was ineffective for failing to raise the issue of the introduction of the photograph of the victim's injuries, and the issue of the trial court's denial of Lightfoot's motion to sever the attempted first degree murder count. On June 14, 2006, the appellate court issued an order denying the petition without discussion. (Exhibit 11). *Lightfoot v. State*, 934 So. 2d 460 (Fla. 2d DCA 2006)[table].

Rule 3.850 Motion for Postconviction Relief

On March 20, 2006, Lightfoot filed a pro se Motion for Postconviction Relief, pursuant to Florida Rule of Criminal Procedure 3.850.(Exhibit 12). Lightfoot presented ten allegations of ineffective assistance of trial counsel and two claims of trial court error.

On August 14, 2006, the trial court issued an order in which it dismissed ground five as incomprehensible, summarily denied all remaining claims but grounds but three and nine, and directed the State to file a response to those two grounds. (Exhibit 13). The State filed its response on September 7, 2006. (Exhibit 14). On September 19, 2006, the trial court issued a final order summarily denying grounds three and nine of the motion for postconviction relief. (Exhibit 15).

Lightfoot appealed the adverse rulings. He filed an initial pro se brief on April 5, 2007. (Exhibit 16). Because of the summary nature of the proceeding, the State did not file an answer brief. On April 27, 2007, in Case No. 2D06-4683, the Second District filed a per curiam unwritten opinion affirming the trial court's denial of postconviction relief. (Exhibit

17). *Lightfoot v. State*, 955 So. 2d 575 (Fla. 2d DCA 2007)[table]. The mandate was issued on May 21, 2007. (Exhibit 18).

Subsequent Rule 3.850 Motion for Postconviction Relief

On September 18, 2006, Lightfoot served a Rule 3.850 motion which he titled a "Supplement/Amend" motion for postconviction relief. (Exhibit 19). The motion was not filed in the trial court until September 25, 2006, several days after the court issued its final order denying the original motion for postconviction relief. In this amended motion, Lightfoot sought to clarify his allegations in ground five of the original motion. The trial court denied the claim on its merits in an order dated February 21, 2007. (Exhibit 20). A separate appeal was pursued by Lightfoot on the denial of ground five. On October 26, 2007, in Case No. 2D07-1497, the state appellate court field a per curiam silent affirmance of the trial court's denial of ground five. (Exhibit 21). *Lightfoot v. State*, 967 So.2d 915 (Fla. 2d DCA 2007)[table]. The court issued the mandate on November 19, 2007. (Exhibit 22).

THE PRESENT PETITION

Lightfoot signed the § 2254 petition on November 26, 2007, raising thirteen grounds for relief. (Doc. No. 1).  The petition is timely.

AEDPA STANDARD OF REVIEW

Lightfoot's federal petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") effective April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336, 138 L. Ed. 2d 481, 117 S. Ct. 2059 (1997). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1214 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court

convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693, 152 L. Ed. 2d 914, 122 S. Ct. 1843 (2002); *see also, Bell v. Cone*, 160 L. Ed. 2d 881, 125 S. Ct. 847 (2005)(habeas court's standard for evaluating state-court ruling is highly deferential, which demands that state-court decisions be given benefit of the doubt)[citing 28 U.S.C.A. § 2254(d)]).

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involve an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." Id. *Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

## INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

Lightfoot raises eleven allegations of ineffective assistance of trial or appellate counsel in the present federal petition. In order to show a violation of the Sixth Amendment right to counsel, Lightfoot must satisfy the two-pronged inquiry of *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Bell v. Cone*, 535 U.S. 685, 698, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002)(courts should apply *Strickland* to claims that counsel failed to satisfy constitutional requirements at specific points). First,

Lightfoot must demonstrate that his attorney's performance was deficient, meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Second, Lightfoot must prove prejudice, in that he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Lightfoot must prove both prongs of *Strickland.* Therefore, if he fails to establish either deficient performance or prejudice, the court need not address the other prong. *Strickland,* 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,...that course should be followed."); *Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998). In this case, the state court's denial of Lightfoot's ineffective assistance of counsel claims is neither contrary to, nor an unreasonable application of, the *Strickland* standard.

## DISCUSSION

### Ground One

Lightfoot contends the trial court's denial of Lightfoot's motion for judgment of acquittal violated his due process rights where the prosecutor failed to present substantial evidence showing that Lightfoot specifically intended to batter the law enforcement officer. First, despite Lightfoot's attempt in the instant federal petition to present this claim as one

of constitutional magnitude, the constitutional dimension of the claim was not fairly presented to the state court and is now unexhausted and procedurally barred.

In Lightfoot's case, neither at trial[2] nor on direct appeal[3] did he refer to the Constitution. He did not cite any federal case or state case that relied on federal grounds in support of the issue in his appellate brief. He did not argue that denial of an acquittal would run afoul of the Due Process Clause, which requires that a criminal conviction be based upon proof beyond a reasonable doubt as to every fact necessary to constitute the offense charged. *See In re Winship*, 397 U.S. 358, 363-64, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). Nor did Lightfoot cite to the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct 2781, 2789, 61 L.Ed.2d 560 (1979), or employ the *Jackson* standard terminology in his arguments at trial and on direct appeal. Therefore, the constitutional issue was never fairly presented to the state courts for review and the issue is now unexhausted and procedurally barred. *See, e.g., Duncan v. Henry*, 513 U.S. 364, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam), in which the Supreme Court stated that "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Id.*, 513 U.S. at 365-66, 115 S. Ct. at 888.

---

[2] After the State rested its case, Lightfoot's counsel moved for a judgment of acquittal. As to the charges of battery on a law enforcement officer, defense counsel argued: "As to the batteries and resisting counts, those are three counts in this six count information. I'm simply arguing that even in the light most favorable to the State, the evidence does not indicate an intentional or willful battery or resisting, that it's essentially a - - how would I put it - - a twisting and turning and flailing, but none of it intentional or knowing in that sense." (Exh 23: AddVol. 4: T 654).

[3] See Respondent's Exhibit 1: Initial Brief of Appellant, pages 30-31.

Recently, a panel of the Eleventh Circuit in an unpublished decision in *Mulnix v. Secretary for Dept. of Corrections* 2007 WL 3498820 (11th Cir. Nov. 16, 2007), rejected the State of Florida's position that a state prisoner's challenge to the sufficiency of the evidence was procedurally barred. The federal district court had concluded the petitioner had not fairly presented a federal sufficiency of the evidence claim on direct appeal. Rejecting this conclusion, the *Mulnix* court reasoned:

> In assessing the sufficiency of the evidence, Florida courts review whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt. *Simmons v. State*, 934 So.2d 1100, 1111 (Fla. 2006). This is identical to the federal standard for reviewing due process challenges based on the sufficiency of the evidence, as set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 99 S.Ct. 2781, 2789 (1979) (standard is "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt")
>
> The Supreme Court has made clear that a prisoner does not exhaust federal claims merely by raising similar state claims. *Picard*, 404 U.S. at 277-78; *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982). In this case, however, Mulnix's state and federal claims were not merely similar: they were identical. The purpose of fair presentment is to permit state courts to efficiently address prisoners' challenges to their state court convictions, ideally providing a single forum in which to correct alleged violations of prisoners' rights under state and federal law. In this case, the state court analyzed Mulnix's due process sufficiency of the evidence claim using a standard identical to the one required under federal law. Under these circumstances, we conclude Mulnix's federal claim has been exhausted. Cf. *Jackson v. Edwards,* 404 F.3d 612, 619 (2d Cir.2005). Therefore, the district court's order is vacated, and the case is remanded solely for consideration under 28 U.S.C. § 2254(d) of Mulnix's due process challenge to the sufficiency of the evidence used to convict him in state court.

*Mulnix, supra.*

Even if the claim is properly exhausted, however, there was no violation of due process under the facts and circumstances of this case. The standard when a petitioner

claims his conviction is based upon insufficient evidence is found in *Jackson v. Virginia, supra.* The Supreme Court in *Jackson* described the inquiry as "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 319. Further, a federal habeas court must presume that the jury resolved any evidentiary conflicts in favor of the prosecution and against the defendant. *Heath v. Jones*, 863 F.2d 815, 820 (11th Cir. 1989); *Machin v. Wainwright*, 758 F.2d 1431, 1435 (11th Cir.1985).

Here, sufficient evidence was presented to establish battery on a law enforcement officer. Officer Michael Burch testified he was driving in his police cruiser looking for Lightfoot and saw him walking along the roadway. All of the officers involved were in uniform. Officer Burch made contact with Lightfoot. He approached Lightfoot's left side and Officer Bauer approached Lightfoot's right side. Officer Burch asked Lightfoot for his identification and Lightfoot said he did not have any. Officer Burch then told Lightfoot that he matched the description of someone they were looking for and told Lightfoot he was going to pat him down for weapons. The Officer then grabbed his left arm. (Exh 23: AddVol. 4: T 620, 634-635).

As Officer Burch began patting Lightfoot down, he was sure Lightfoot was the man they were looking for. (Exh 23: AddVol. 4: T 636). Officer Burch then told Lightfoot he knew who he was and asked him his name. Lightfoot responded, "I don't know; I forgot." Officer Burch said, "Well, I know who you are, Willie. You're under arrest for attempted homicide." Lightfoot began to tense up and tried to get away. Officer Burch tried to get Lightfoot's arm

behind his back in an attempt to handcuff him and Lightfoot started screaming, "Hey, look at me; look everybody; look over here." (Exh 23: AddVol. 4: T 636).

Officer Burch told Lightfoot he was under arrest and he needed to calm down. Lightfoot kept screaming, trying to draw a crowd. Lightfoot continued to tense up and pull away. Lightfoot then bent his arms and pulled his arms in front of his chest so the officer could not pull his arms back. (Exh 23: AddVol. 4: T 637). Lightfoot then turned his head toward Officer Burch and said, "This is all you got?" Lightfoot then took his elbow, threw it back and hit the officer in the upper chest. Officer Burch fell against the car. The impact was so hard it threw the officer against the police cruiser. Officer Burch lunged towards Lightfoot, grabbed him and pushed him against the car. Officer Burch called for backup. (Exh 23: AddVol. 4: T 638, 650). Officer Demitri Serianni testified that he saw Lightfoot fighting with Officer Burch and saw Lightfoot throw the officer back against the car. Lightfoot was acting violently. (Exh 23: AddVol. 4: T 615, 622).

Lightfoot started flailing his arms and continued to fight the Officer. Officer Burch was able to get Lightfoot on the ground, but Lightfoot kept fighting and tried to get up. Lightfoot also was kicking the Officer. Lightfoot then tried to get the Officer's gun. Officer Burch testified that Lightfoot had his hand on the Officer's gun. Officer Burch kept his right hand on top of the gun so Lightfoot would not be able to remove it from the holster. (Exh 23: AddVol. 4: T 616-618, 639-641). With the help of Officers Bauer and Serianni and the use of pepper spray, Officer Burch was able to subdue Lightfoot. (Exh 23: AddVol. 4: T 619, 641-642).

The evidence shows that Lightfoot knowingly and intentionally struck Officer Burch against his will while the officer was engaged in the lawful performance of his duties. Lightfoot knew Officer Burch was a law enforcement officer when he approached. Officer Burch was in uniform and driving a police cruiser. Lightfoot knew Officer Burch was looking for him and that he was wanted for attempted murder. Lightfoot knowingly and intentionally hit Officer Burch while the officer was attempting to handcuff and arrest him. Under Florida law, the fact that the Officer was not injured does not make the thrust any less a battery. *See Bryant v. State*, 789 So. 2d 1042 (Fla. 4th DCA 2001).

In this case any rational juror, after reviewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the battery on a law enforcement officer beyond a reasonable doubt. Accordingly, the state court's decision was objectively reasonable and must be given deference by this Court.

Ground One does not warrant relief.

GROUND TWO

Lightfoot alleges his double jeopardy rights were violated where he received consecutive sentences as a habitual felony offender and a prison releasee reoffender for two offenses which occurred during one criminal episode. Ground Two concerns a sentencing matter which is not cognizable in this § 2254 proceeding. Federal habeas relief is available to correct only those injuries resulting from a violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Wainwright v. Goode*, 464 U.S. 78, 104 S.Ct. 378, 78 L.Ed.2d 187 (1983); *Engle v. Isaac*, 456 U.S. 107, 119, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Errors which do not infringe upon federally protected rights

provide no basis for federal habeas corpus relief. It is well-settled in this circuit that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988); *Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan*, 861 F.2d at 1508. Lightfoot has no recourse in this Court to challenge what he perceives to be an error in sentencing.

Moreover, Lightfoot's argument is without merit. He raised this claim in his Rule 3.800(a) motion to correct sentence. The state postconviction court rejected his argument, finding that the consecutive sentences were not based on crimes which occurred during one criminal episode and were therefore valid. The court's order states:

> In the current motion Defendant alleges that his sentence is illegal for two reasons. Defendant alleges that the court improperly ordered his sentences to run consecutively because the crimes occurred in one criminal episode and should therefore run concurrently. On the face of the record it is apparent that the crimes which Defendant received sentences which run consecutively were not part of one criminal episode. On or between the 3rd and 4th of August in 2001, Defendant attempted to murder Jeanine L. Kelly with a knife. On August 5, 2001, Defendant was arrested and while lawfully being arrested, resisted an officer with violence and committed battery of a law enforcement officer. [See EXHIBIT C: Felony Information]. Crimes which occur at separate times and separate places are not part of one criminal episode and therefore consecutive sentences are appropriate. See Generally *Denson v. State*, 633 so.2d 1137 (Fla. 2d DCA 1994).

> Defendant alleges that this court improperly sentenced him as a HFO and a PRR. This claim is without merit. It has been held that a 30-year sentence as an HFO, together with a 15-year minimum under the under the [sic] PRR Act, does not violate Double Jeopardy. A concurrent HFO and PRR sentence is allowed where the HFO sentence is longer then [sic] the PRR sentence. *See Willis v. State*, 782 So.2d 445 (Fal. 4th DCA 2001) and *See Smith v. State*, 754 So.2d 100 (Fla. 1st DCA 2000). This claim is therefore denied.

Exh 6: Order Denying Motion to Correct Illegal Sentence at pp. 1-2.

The trial court's ruling was upheld by the Second District Court of Appeal in *Lightfoot v. State*, 929 So. 2d 1065 (Fla. 2d DCA 2006)[table]. Consequently, there was no violation of state law in regard to Lightfoot's sentencing.

Ground Two does not warrant relief.

GROUND THREE

Lightfoot argues his appellate counsel was ineffective for failing to raise on direct appeal an issue regarding introduction of a photo of the victim's injuries. This claim must be denied. The same *Strickland* standard applies whether the courts are considering the performance of counsel at the trial or appellate level. *Eagle v. Linahan*, 279 19 of 34 20 F.3d 926, 938 (11th Cir. 2001)(citing *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987)). The federal courts have regularly held that appellate counsel is often well advised to choose the most promising arguments and is not obliged to crowd a brief with less promising ones which may detract. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). Moreover, appellate counsel cannot be deemed to have rendered ineffective assistance by failing to brief an issue that was not preserved for appeal or is without merit. *Chandler v. Dugger*, 634 So.2d 1066, 1068 (Fla. 1994)(cited in *Chandler v. Moore*, 240 F.3d 907, 916 (11th Cir. 2001); *Suarez v. Dugger*, 527 So.2d 190 (Fla. 1988).

Although the issue of the photographs was preserved for review, appellate counsel was not ineffective for electing not to present this issue in the initial brief because it would have been unsuccessful. This is so because there was no abuse of discretion by the trial court in allowing the State to introduce the photos, and if such was error, it was harmless.

The photographs in question were introduced at trial during the testimony of the firefighter paramedic who first responded to the crime scene and treated the victim, Ms. Jeanine Kelly. (Exh 23: AddVol. 2: T 205). Later, the photos were utilized during the testimony of the treating physician at the hospital and the victim. When the State introduced the photographs of the victim's injuries, defense counsel objected to two photos of the victim's facial injuries as redundant, and objected to the photo of the victim's upper thighs and groin area as being more prejudicial than probative. (Exh 23: AddVol. 2: T 206, 207). The court sustained the defense objection to one of the facial photographs, but overruled the objection to State's exhibit 3E,[4] showing numerous stab wounds on the victim's thighs and vaginal area.

Appellate counsel was not ineffective for failing to raise this issue on direct appeal, because it is without merit. In Florida, the reviewing court will not disturb a trial judge's ruling regarding the admissibility of photographic evidence absent a clear showing of abuse of discretion. The test for admissibility of photographic evidence is relevancy rather than necessity. *See, e.g., Doorbal v. State*, 33 Fla. L. Weekly S107 (Fla. Feb. 14, 2008); Wilson v. State, 436 So. 2d 908, 910 (Fla. 1983). Photos that are relevant are admissible so long as their shocking nature does not defeat their relevance. *See, e.g., Jones v. Moore*, 794 So. 2d 579, 587 (Fla. 2001). *See also Mansfield v. State*, 758 So. 2d 636, 648 (Fla. 2000) (upholding admissibility of autopsy photos depicting mutilation of victim's genitalia and brain).

---

[4] See Respondent's Exh 23: Vol. 2: R 191.

In this case, Lightfoot was charged with attempted first degree murder after stabbing his girlfriend of nine years and mother of his child numerous times and leaving her for dead. The photograph was relevant to show the extent of the victim's injuries, the manner they were inflicted, and to corroborate her testimony and assist the treating physician in his testimony.

Even if admission of the photograph had been error, any error which may have implicated Lightfoot's constitutional rights was harmless. In light of the overwhelming evidence against Lightfoot, viewing the photograph could not have had a substantial and injurious effect or influence in determining the jury's verdict. *See Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). The defense at trial was the identity of the perpetrator. Evidence adduced showing it was Lightfoot who committed the atrocious stabbing attack on the victim included, but was not limited to, the victim's own testimony (Exh 23: AddVol. 2: T 378; AddVol. 3: T 475), the testimony of Mark Allen, to whom Lightfoot admitted he attempted to kill the victim (Exh 23: Vol. 3 T 591-595), and evidence that Lightfoot was in possession of the victim's ATM card at the time of his arrest and had used the card to withdraw cash several times right after the victim had been stabbed and left for dead in their home. (Exh 23: AddVol. 3: T 482-485, 504-505).

Ground Three does not warrant relief.

## GROUND FOUR

Lightfoot alleges his appellate counsel was ineffective for failing to raise on direct appeal the issue of the trial court's denial of Lightfoot's motion to sever Count One. Again, this claim is without merit.

Prior to trial, Lightfoot's attorney filed a motion to sever. The court heard argument of counsel at a motion hearing on April 5, 2002. No hearing transcript appears in the record on direct appeal. On April 29, 2002, the trial court issued an order granting the motion to sever only as to Count 5, possession of cocaine. (Exh 23: Vol. 1: R 12, 14, 15). The remaining charges were tried together.

In Florida, denial of a motion for severance of criminal charges is reviewed for abuse of discretion. *See Crossley v. State*, 596 So. 2d 447 (Fla. 1992). In this case there was no abuse of discretion and therefore appellate counsel was not ineffective for electing not to raise this issue on appeal.

The arrest of Lightfoot, during which the resisting arrest and battery of law enforcement officers offenses occurred, was directly related to the attempted murder of the victim a day earlier. Florida Rule of Criminal Procedure 3.150 requires that the criminal charges joined for trial "be considered in an episodic sense." *Garcia v. State*, 568 So. 2d 896, 899 (Fla. 1990). Moreover, there must be a "meaningful relationship" between or among the charges before they can be tried together. *Ellis v. State*, 622 So. 2d 991, 999 (Fla. 1993). That is to say, "the crimes in question must be linked in some significant way." *Id.* at 1000. Thus, under Florida law, any argument in the direct appeal that the attempted murder count should have been severed would have been unsuccessful. Moreover, Lightfoot has neither argued nor shown how the denial of the motion to sever in regard to the attempted murder count resulted in prejudice. Consequently, appellate counsel was not ineffective for failing to raise this issue.

Ground Four does not warrant relief.

GROUND FIVE

Lightfoot contends trial counsel was ineffective for failing to use evidence to impeach the victim's in court identification when she initially did not identify Lightfoot to the responders to the crime scene. The trial court properly denied this claim for lack of merit, because defense counsel did elicit testimony about the victim's initial failure to identify Lightfoot:

> Defendant alleges that counsel was ineffective for failing to impeach the victim's identification of the Defendant as the perpetrator of the crime. Defendant alleges that counsel should have impeached the victim's testimony by admitting inconsistent statements that victim may have made to a paramedic when they first asked about her attacker. Defendant's claim is without merit and directly refuted by trial testimony. Counsel did seek to elicit this testimony from firefighter paramedic Steve Santana but the State objected and sustained the objection. [See EXHIBIT C: Trial Transcript pg. 215-216]. Counsel later recalled firefighter paramedic Steve Santana and elicited testimony that the victim did not name her boyfriend, the Defendant as the person who attacked her. [See EXHIBIT C: Trial Transcript pg. 662-663]. Counsel also cross examined the victim about her inconsistent statements. [See EXHIBIT C: Trial Transcript pg. 467-468]. Defendant's claim is directly refuted by the record. This claim is denied.

Exh 13: Order Denying in Part/Dismissing in Part/Directing the State to Show Cause in Part, page 2.

Ground Five does not warrant relief.

GROUND SIX

Lightfoot alleges ineffective assistance of trial counsel based on counsel's failure to conduct an independent test of the State's DNA evidence and call a DNA expert. The court denied this claim after reviewing the record and the State's response.

> Defendant alleges that counsel was ineffective for failing to conduct an independent test of the State's D.N.A. evidence and call a D.N.A. expert to testify concerning the evidence found on Defendant's clothing. Defendant alleges that counsel should have used the D.N.A. expert to test the State's

evidence and to rebut the State's witness. The record is clear that a D.N.A. expert was appointed and that counsel conferred with this expert but counsel chose not to call this expert as a witness. Although there were bloody footprints, shoeprints and fingerprints found throughout the crime scene and the victim's car, none of these prints matched the Defendant. See Exhibit A: Trial Transcript pgs. 279-281, 284-297, 325-329, 337-342, 345-346, and 353. Had counsel presented a D.N.A. expert to the outcome of the trial would not have been different. No D.N.A. evidence existed which would require a defense expert to refute. Furthermore, the evidence showed Defendant's guilt without the use of the D.N.A. evidence. The Defendant was identified by the victim as her attacker, Defendant was found with the victim's ATM card after her attack, and Defendant confessed to a close friend. See Exhibit B: Trial Transcript pgs. 375-395, 482-490, 504-505, 593-600. The outcome of the trial would not have been different had counsel presented testimony of a D.N.A. expert. Defendant fails to meet the second prong of *Strickland v. Washington*, 466 U.S. 668 (1984), that there was a reasonable probability that but for the acts of counsel the outcome of the trial would have been different. This claim is denied.

Exh 15: Order Denying Defendant's Motion for Postconviction Relief, pages 1-2.

Ground Six does not warrant relief.

## GROUND SEVEN

Lightfoot faults trial counsel for failing to object to the hearsay testimony of Officer Burch when he testified that Lightfoot struck, obstructed, resisted, opposed, and offered to do violence to Officer Bauer. Lightfoot raised this claim as ground four in his original Rule 3.850 motion. The trial court reasonably denied the claim for lack of merit, inasmuch as Officer's Burch's testimony did not constitute hearsay:

Defendant alleges that counsel was ineffective for failing to object to the hearsay testimony of Officer Burch. Defendant alleges that hearsay testimony was admitted when Officer Burch testified that Defendant struck Officer Bauer. Defendant alleges that Officer Bauer never testified and no exception to hearsay was offered. Defendant's claim is without merit. Florida Statues 90.801(l)(c) provides the definition of hearsay; it is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Counsel was not ineffective for failing to object to hearsay testimony of this officer because a

hearsay objection would have been without merit. During his testimony about the arrest during which the battery took place, Officer Burch never testified about a statement made by Officer Bauer. Officer Burch testified to what he observed and this is not hearsay testimony to which counsel should have objected. This claim is denied.

Exh 13: Order Denying in Part/Dismissing in Part/Directing the State to Show Cause in Part, page 2.

Ground Seven does not warrant relief.

## GROUND EIGHT

Lightfoot also claims trial counsel was ineffective for failing to file a motion to suppress identification, then refusing to adopt Light's motion to suppress identification. The trial court properly denied this claim because Lightfoot was well known to the victim and no photopack was necessary to secure an identification. The courts order reads:

> Defendant alleges that counsel was ineffective for failing to file a motion to suppress or refusing to adopt Defendant's motion to suppress. Defendant believes that counsel should have sought to suppress a photo identification of Defendant by the victim because she was shown only two photos of him and not a photo pack. This claim is without merit. Identification was not an issue at the trial and no photos were needed in order for the victim to identify Defendant. Defendant and victim were boyfriend and girlfriend for around nine years and had a son together. [See EXHIBIT D: Trial Transcript pg. 365]. Defendant was not prejudiced by counsel not filing a motion to suppress because photos were not necessary for the victim to identify her attacker as she herself provided Defendant's name to police. This claim is denied.

Exh 13: Order Denying in Part/Dismissing in Part/Directing the State to Show Cause in Part, page 2.

Ground Eight does not warrant relief.

GROUND NINE

Lightfoot contends trial counsel was ineffective for failing to object to the sentence imposed when the sentencing statute was not charged in the Information. The state court concluded this claim was without merit for the following reasons:

> It is unclear what Defendant is alleging in this claim. Defendant appears to allege that counsel was ineffective for failing to object to the sentencing imposed because the second degree murder charge was reclassified pursuant to Florida Statutes 775.087 and this was not charged in the information. This claim is without merit. It has been held that reclassification provision can apply where a defendant is convicted of a lesser included offense rather than the offense expressly charged. *See State v. Gray*, 633 So. 2d 105 (Fla. 2d DCA 1994). Counsel was not ineffective for failing to make an objection that is without merit. This claim is denied.

Exh 13: Order Denying in Part/Dismissing in Part/Directing the State to Show Cause in Part, page 3.

Ground Nine does not warrant relief.

GROUND TEN

Lightfoot alleges his attorney was ineffective for failing to investigate and depose Dr. Fudge, a key witness who was the attending OB/GYN physician at Bayfront Medical Hospital. Lightfoot's argument is without merit. The postconviction court reasonably determined that defense counsel elected not to depose the doctor as a matter of trial strategy, which counsel had expressed to the court in a pretrial motion hearing:

> Defendant alleges that counsel was ineffective for failing to investigate and depose Dr. Fudge who Defendant believes to have been a key witness. Defendant alleges that counsel should have deposed Dr. Fudge who was the attending OB/GYN physician when the victim was brought to Bayfront Medical Center. Defendant alleges that the physician's testimony could have been used to rebut the testimony of other medical personnel. Prior to trial the court addressed a motion filed by Defendant which claimed how counsel was

ineffective. Counsel addressed each issue before the court. Counsel stated in response to the claim that he did not take a deposition that was essential, "the deposition he might be referring to would be the doctor in the case at the ER room of the hospital who treated the victim. And if he is, I've explained to Mr. Lightfoot several times that I don't need to depose that individual. The issue upon which I would depose him has been answered and resolved through other witnesses." [See EXHIBIT E: Trial Transcript pgs. 173-177]. Counsel revealed to the court that not deposing the physician was not an oversight on his part it was a trial strategy and provided a legitimate reason for this decision. Defendant was not prejudice by counsel not deposing a witness whose testimony would not provide any evidentiary value. This claim is denied.

Exh 13: Order Denying in Part/Dismissing in Part/Directing the State to Show Cause in Part, pages 3-4.

A trial counsel's strategic or tactical choices in a criminal case, after a thorough investigation of the law and facts, "are virtually unchallengeable in an ineffective assistance of counsel claim . . ." *Strickland*, 466 U.S. at 689-690. In this case, given that Lightfoot's attorney had considered deposing the doctor but determined from his knowledge of the case that such action was unnecessary, the trial court's determination that trial counsel was not ineffective in this regard was objectively reasonable.

Ground Ten does not warrant relief.

GROUND ELEVEN

Lightfoot alleges trial counsel was ineffective for failing to object to the State's comments during  closing argument seeking sympathy for the victim. This argument was raised in ground nine of the Rule 3.850 motion, and was addressed by the State in its response. In the court's final order denying relief, it found this claim to be without merit:

Defendant alleges that counsel was ineffective for failing to object to statements made by the State during closing arguments. Defendant alleges that counsel should have objected to the State making certain comments, which he believes, prejudiced him because they caused the jury to have

sympathy for the victim. Defendant specifically alleges that the State sought sympathy from the jurors with the use of the phrases "With the grace of God..." and "Through the grace of God..." and "Thank God...". The statements made referring to God in the State's closing arguments were not meant to reference religion or make Bible references to sway the jury. See discussion in *Farina v. State*, 31 Fla. L. Weekly, F5 17 (Fla. July 6, 2006). Attorneys should be afforded wide latitude in presenting closing argument, but must confine their argument to the facts and evidence presented to the jury. *See Ford v. State,* 702 So. 2d 279 (Fla. DCA 1997). The State did confine his remarks to the evidence presented. The comments made by the State did not deprive the Defendant of a fair and impartial trial or materially contribute to the conviction as to require a new trial. *Id.* The State's comments referenced the evidence and testimony presented at trial and did not rise to the level of impermissible statements used to elicit sympathy for the victim. See Exhibit C: Transcript pgs. 735, 618, 640-642, and 737. The three comments made over the course of the State's closing arguments were not so improper that counsel's failure to object to them prejudiced Defendant. Had counsel objected to the statements the outcome of the trial would not have been different, this claim is denied. *See Rhue v. State*, 603 So. 2d 613 (Fla. 2d DCA 1992).

Exh 15: Order Denying Defendant's Motion for Postconviction Relief, page 2.

The state court's ruling is objectively reasonable. In analyzing a claim of prosecutorial misconduct, the "relevant question is whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643, 94 S. Ct. 1868, 40 L. Ed. 2d 431 (1974)). As in the case at bar, the petitioner in *Darden* was not deprived of a fair trial because the "prosecutor's argument did not manipulate or misstate the evidence, nor did it implicate other specific rights of the accused such as the right to counsel or the right to remain silent." *Darden,* 477 U.S. at 181-182. The prosecutor's use of the phrases such as "Thank God" simply referred to the fact that the victim survived the vicious attack against all odds, and would have been interpreted as such by reasonable jurors.

Ground Eleven does not warrant relief.

## GROUND TWELVE

Lightfoot also faults trial counsel for failing to object to the ambiguous and defective verdict as to Counts One and Two, attempted second degree murder and resisting an officer with violence. Again, the state court rejected this argument because the jury instructions were not defective under state law. The court stated in its order denying relief:

> Defendant appears to allege that counsel was ineffective by failing to object to an ambiguous and defective verdict when the jury did not specify which element they relied upon in reaching their verdict. Defendant alleges that the jury should have made a determination as to every "and/or" which was alleged in the felony information. Defendant's claim is without merit. Upon determining the guilt of Defendant the jury need not articulate whether a defendant stabbed, cut, or strangled the victim only that the Defendant's actions met the elements of the crime charged. Furthermore, Defendant was not prejudiced by counsel not objecting. This claim is denied.

Exh 13: Order Denying in Part/Dismissing in Part/Directing the State to Show Cause in Part, page 4.

This Court agrees and Ground Twelve does not warrant relief.

## GROUND THIRTEEN

Lightfoot alleges his trial attorney was ineffective for failing to object to erroneous and improper jury instruction for attempted first degree murder, attempted second degree murder and attempted voluntary manslaughter when the evidence presented showed a completed offense of felony battery. The state trial court's order read, in pertinent part:

> Defendant appears to allege that counsel was ineffective for failing to object to the erroneous and improper jury instructions for attempted first degree murder, attempted second degree murder and attempted voluntary manslaughter when he believes evidence presented only supported the completed offense of felony battery. Defendant appears to be attacking the conviction by claiming that the facts presented did not support the jury's findings that Defendant committed attempted murder in the second degree

with a weapon. The jury clearly found beyond a reasonable doubt that Defendant committed attempted murder in the second degree. The Second District Court of Appeal affirmed Defendant's conviction on June 24, 2005. Counsel was not ineffective for not requesting a jury instruction, which was not proper. Furthermore, it has been held that the possibility of a jury pardon cannot form the basis for the finding of prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Sanders v. State,* 31 Fla. L. Weekly S643 (Fla. Oct. 12, 2006). This claim is denied.

Exh 20: Order Denying Defendant's Motion for Postconviction Relief, page 1.

Ground Thirteen does not warrant relief.

The state courts' decisions in Grounds Three through Thirteen were neither contrary to, nor an unreasonable application of, the *Strickland* two-prong test for ineffective assistance of counsel.

Accordingly, the Court orders:

That Lightfoot's petition is denied, with prejudice. The Clerk is directed to enter judgment against Lightfoot and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473,

484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 11, 2009.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Willie Lightfoot, Jr.